IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MEDINA | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAYMOND J. SOBINA, et al. | : | NO. 09-5950 |

REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                              May 4, 2010

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual who is currently incarcerated at the State Correctional Institution at Albion, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

**I.      FACTS AND PROCEDURAL HISTORY:**

Following a jury trial presided over by the Honorable George W. Overton, petitioner, Jose Medina was convicted of robbery, aggravated assault, burglary, conspiracy and weapons violations. On July 8, 2004, Medina was sentenced to an aggregate term of ten to thirty years imprisonment.

Medina filed a direct appeal raising the following issues: (1) whether the suppression judge erred in finding that the on scene identification was not unduly suggestive and in finding that there was an independent basis for the identification; (2) whether the suppression judge erred in finding that the arrest was not unlawful; (3) whether the suppression judge erred in finding that the confiscation of items from Medina was lawful; (4) whether the suppression judge erred in not finding that he should have been given a lineup by a municipal court judge; and (5) whether the verdict was against the weight of the evidence. On September 23, 2005, the Superior Court issued an opinion affirming Medina's conviction. (Respondent's Exhibit A). On March 8, 2006, the Pennsylvania

Supreme Court denied Medina's petition for allocatur.

Medina filed a petition in state court captioned "Petition (2nd) Opportunity to Exhaust Administrative Remedy", which was docketed as a petition for collateral relief under the Pennsylvania Post-Conviction Relief Act, 42 Pa.C.S. § 9545, et. seq. ("PCRA"). Medina claims that in that petition he "requested all securities that were issue in the case, so that I may do acceptance for value as a creditor, because I Jose Medina, the flesh and blood, living man am not a surety, nor accommodation party for the legal fiction (Jose M. Medina), and that I'm been held illegally confine."(sic) Petition at p. 6. Counsel was appointed, but Medina sought permission to proceed pro se. Medina has since filed other documents in state court, but at this time the petition remains pending.

On December 14, 2009, Medina filed the instant petition for writ of habeas corpus. The sole claim listed in his petition is as follows: "Respondent(s)/Defendant(s) are in full agreement by failure to respond, therefore the relief I seek is immediate release from illegal confinement and $27,000.00 per day from arrest date to release date from prison." Habeas Petition at p. 9. In support of his claim, Medina references his exhibits, which are the documents he has filed in state court. He asserts that "the Respondent(s)/Defendant(s) have agreed and stipulated to the terms of Petition (2nd) Opportunity to Exhaust Administrative Remedy, and have fail[ed] to cure the fault (sic) therefore the respondent(s)/defendant(s) are in breach of agreement." Id. In response, the respondent argues that Medina's claim is incomprehensible and is not cognizable. Upon review, we agree.

## II.　DISCUSSION:

The "claim" which Medina now attempts to raise appears to be the same claim which he has raised in state court in the petition which remains pending. Accordingly, to the extent he has

2

provided a cognizible claim, it remains unexhausted. However, rather than dismiss this petition without prejudice, we will deny it as Medina has failed to present a claim which is congnizible in a habeas petition..

It is the burden of a habeas petitioner to articulate his allegations in a clear and direct manner. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir.1991); Bieros v. Lawler, 2010 WL 415298, 3 (E.D. Pa. 2010). . A court has a duty to liberally construe a petitioner's *pro se* filings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976). "However, bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284 at 301. Here, giving every benefit to the petitioner, he has still failed to claim a Constitutional challenge to his conviction.

A federal court may review habeas claims of state prisoner's only to the extent that they raise violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Twenty-eight U.S.C. § 2254(a) provides: "The Supreme Court, a Justice thereof, a Circuit Judge or a District Court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution, or treaties of the United States." Id. As Respondents argue, Medina's claim as set forth in the petition and in the exhibits which he has provided, fails to raise a Constitutional challenge to the conviction. Instead, he refers to being a "secured party" or "debtor" and also seeks monetary damages. As Respondent states, in this action, Medina is a convicted felon, not a "secured party" or "debtor". He simply does not present a claim which is cognizable on habeas review. For

this reason, we must recommend that the petition be denied[1].

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 4th day of May, 2010, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED. There is no probable cause to issue a certificate of appealability. The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

---

[1] Medina filed a very similar habeas petition ((09-cv-5541) on November 20, 2009, before filing this petition. It appears that he attempted to reference the same exhibits filed in state court, but in that petition did not include any grounds for relief on page 9 of the habeas form. The Honorable Mitchell S. Goldberg dismissed that petition without prejudice by Order dated November 24, 2009. (Document 3 in 09-cv-5541). As Judge Goldberg noted, the petition did not state any grounds for relief. However, the order also provided that the petition was a second or successive petition challenging the same conviction challenged in a petition docketed as Civil Action Number 04-cv-128, which was adjudicated on its merits. We note that upon review, the petition filed in the 2004 case does not appear to have been filed by the same Jose Medina. First, the prisoner numbers are not the same. However, most significantly, the petition does not challenge or reference the same conviction. The conviction challenged by the Jose Medina in Civil Action No. 04-cv-128 was a conviction of first degree murder, robbery and possession of instruments of crime. Medina was convicted on November 12, 1992, following a jury trial by the Honorable Juanita Kidd Stout. The charges arose from the October 18, 1991 stabbing death of William Bogan. The instant case, as well as civil action number 09-cv-5541 both challenge a 2004 conviction for robbery, aggravated assault, burglary, conspiracy and weapons violations. These charges stem from the March 3, 2001 and March 23, 2001 robberies of the Apple Spa in Philadelphia. The difference between this petition (09-cv-5950) and 09-cv-5541 seems to be that in the instant case, following Judge Goldberg's dismissal of the other petition (09-cv-5541) without prejudice, Medina has now listed something in the section on page 9 of the form as grounds for relief. We recommend that the instant petition not be considered a second or successive petition to that filed in Civil Action number 04-cv-128, but should simply be denied for failing to present a cognizable claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE MEDINA : 
: CIVIL ACTION
:
v. :
:
RAYMOND J. SOBINA, et al. : NO. 09-5950

**O R D E R**

MITCHELL S. GOLDBERG, J.

AND NOW, this            day of                        , 2010, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED; and

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.